# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

_____

| | |
|---|---|
| CARITA REAVES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. <u>07-2168</u> Ml/P |
| | ) |
| INTERNATIONAL PAPER COMPANY | ) |
| LONG-TERM DISABILITY PLAN, | ) |
| | ) |
|     Defendant. | ) |

_____

## ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF AFFIDAVIT AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE AFFIDAVIT
_____

Before the court by order of reference is plaintiff Carita Reaves's Request for Judicial Notice of Affidavit, filed on May 2, 2008, and defendant International Paper Company Long-Term Disability Plan's ("IP") response and Motion to Strike Affidavit of James Renfrow and All Reference Thereto in Plaintiff's Response in Opposition, filed on May 8, 2008. (D.E. 37; D.E. 40). Reaves filed a response to IP's motion on May 23, 2008. For the reasons below, Reaves's request is DENIED and IP's motion is DENIED as moot.

## I. BACKGROUND

This case involves the termination of Reaves's long term disability benefits by IP on January 1, 2004. Reaves was employed by IP as a Senior Project Manager II. She was a participant in the

IP Long-Term Disability Plan (the "LTD Plan") and entitled to receive benefits though the LTD Plan. The LTD Plan is an employee welfare benefits plan organized under the provisions of ERISA, 29 U.S.C. § 1001 et seq. Reaves filed this suit on March 5, 2007, claiming, among other things, that the termination of her benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the LTD Plan. On March 9, 2008, IP filed a motion for summary judgment. On May 2, 2008, Reaves filed her response in opposition. Separately, Reaves also filed a "request" for the court to take judicial notice of the Affidavit of James Renfrow. James Renfrow was employed by IP as a Manager in the Benefits Programs. He provided the affidavit on July 26, 2005, in connection with the case of McKoy v. Int'l Paper Co., a case unrelated to the present case. See McKoy v. Int'l Paper Co., 488 F.3d 221 (4th Cir. 2007). McKoy involved IP's denial of Sampson McKoy's claims for retirement benefits under IP's Retirement Plan. Although Reaves asserts that the statements in the Renfrow affidavit support the arguments presented in her response to IP's motion for summary judgment, the affidavit was not cited in or attached to her response.

In its response to Reaves's request for judicial notice, IP argues that the affidavit does not meet the standards of Federal Rule of Evidence 201. Specifically, IP asserts that there is a "reasonable dispute" over whether Renfrow's affidavit applies to

this case, as it addresses a decision made under IP's Retirement Plan, not its LTD Plan, and furthermore that the McKoy case and the present case involve different procedures and facts. Therefore, IP argues that it would be improper for the court to take judicial notice of the affidavit. IP also moves to strike the affidavit under Federal Rule of Civil Procedure 56(e), arguing that the affidavit does not establish that Renfrow has personal knowledge of Reaves's benefits claim or the handling of Reaves's claim on appeal to the LTD Plan administrator.

## II. ANALYSIS

Federal Rule of Evidence 201 provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b); see also United States v. Henry, 417 F.3d 493, 494 (5th Cir. 2005) (taking judicial notice that "both a 12-gauge shotgun and a 16-gauge shotgun have bore diameters in excess of one-half inch"); Nolte v. Capital One Fin. Corp., 390 F.3d 311, 317 (4th Cir. 2004) (stating that the court could take judicial notice of the fact that an SEC complaint was filed, but could not take notice of the facts alleged in the complaint); United States v. Behmanshah, 49 Fed. Appx. 372, 376 n.2 (3d Cir. 2002) (taking judicial notice "of the fact that PNC Bank

is FDIC-insured, a fact readily verifiable with Westlaw access to PNC's SEC filings"); <u>Driebel v. City of Milwaukee</u>, 298 F.3d 622, 631 n.2 (7th Cir. 2002) (taking judicial notice of the *MPD Manual of Rules and Regulations*, which contained "the rules and regulations duly promulgated by the chief of police, effective as of August 1994 upon approval by the Common Council of the City of Milwaukee and published for use in the normal course of business by the Milwaukee Police Department"); <u>United States v. McGlothlin</u>, 38 Fed. Appx. 713, 714 (3d Cir. 2002) (taking judicial notice "that First Union is a 'financial institution' under 18 U.S.C. § 1344").

Reaves is not simply asking that the court take judicial notice of the fact that the Renfrow affidavit was filed in the <u>McCoy</u> case. Rather, she is asking the court to "take notice" of the statements contained in the affidavit that support her arguments, statements that are reasonably disputed by IP. <u>See</u> <u>Deal v. Hamilton County Bd. of Educ.</u>, 392 F.3d 840, 853 (6th Cir. 2004) (upholding the district court's refusal to take judicial notice of contradictory declarations). Further, the averments contained in the affidavit are neither generally known within the jurisdiction of this court nor capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. "Adjudicative facts appropriate for judicial notice are typically different from facts found in affidavits supporting litigation positions, which often present facts subject to dispute."

<u>Henderson v. State of Oregon</u>, 203 Fed. Appx. 45, 52 (9th Cir. 2006); <u>see also</u> <u>Furnari v. Warden, Allenwood Fed. Corr. Inst.</u>, 218 F.3d 250, 255 (3d Cir. 2000) (taking judicial notice of an affidavit, "not for the truth of the statements it contains, but simply for the purpose of determining that new information . . . was presented to the Parole Commission . . ."); <u>Hildebrand v. United States</u>, 563 F. Supp. 1259, 1262 (D.N.J. 1983) (declining to take judicial notice of the contents of an affidavit). Therefore, the court denies Reaves's request to take judicial notice of the affidavit. Finally, in light of the court's decision to deny Reaves's request, IP's motion to strike the affidavit under Rule 56(e) is now moot.

### III.  CONCLUSION

For the reasons above, Reaves's request for judicial notice is DENIED and IP's motion to strike is DENIED as moot.

IT IS SO ORDERED.

s/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge


June 13, 2008
_____
Date